UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHNNY COLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO. 1:10-CV-358 |
| | ) |
| MARK KOLLER and | ) |
| WAUPACA TRUCKING, INC., | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Plaintiff filed this case in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that Plaintiff Johnny Cole is a resident of the State of Indiana and Defendant Mark Koller is a resident of the State of Wisconsin. (Compl. ¶ 2.) The Plaintiff's allegations, however, are inadequate to support this Court's diversity jurisdiction.

The "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

(7th Cir. 1998) (internal quotation marks and citation omitted)) "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Therefore, the Plaintiff is ORDERED to file an amended Complaint forthwith, properly alleging on personal knowledge the citizenship of the Plaintiff Johnny Cole and the Defendant Mark Koller.

SO ORDERED.

Enter for October 19, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge